**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Meril Griffet, | No. CV-19-00700-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1). After a thorough review, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") finding the Petition untimely and recommending that it be dismissed with prejudice and that Petitioner's request for certificate of appealability be denied (Doc. 22). Petitioner filed a timely Objection to the R&R ("Objection") (Doc. 23). For the following reasons, the Court will overrule Petitioner's Objection and adopt Judge Metcalf's R&R.

**I.  Background**

No party objects to the R&R's factual background, so the Court will accept and adopt it. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"). Here the Court summarizes the relevant facts as stated in the R&R.

Petitioner was convicted at trial in Maricopa County Superior Court of sexual

conduct with a seven-year-old minor. (Doc. 22 at 1). He filed a direct appeal, which the Arizona Court of Appeals denied on June 20, 2017, affirming the conviction and life sentence. (*Id.* at 2). Petitioner did not seek reconsideration or file a petition for review. (*Id.*) On August 9, 2017, the Arizona Court of Appeals issued its Mandate. (*Id.*)

On November 6, 2017, Petitioner filed a Notice of Post-Conviction Relief ("PCR") in which he raised claims of ineffective assistance of counsel, newly discovered evidence, and actual innocence. (*Id.*) On December 13, 2017, the PCR court denied the Notice as untimely, and Petitioner sought no further review. (*Id.*) On February 1, 2019, Petitioner filed his federal Habeas Petition, although the Petition itself avers it was placed in the prison mailing system on "1-24-2019." (Doc. 1 at 11).

The R&R concluded that the Petition was barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. (Doc. 22 at 8). In arriving at this conclusion, the R&R found that Petitioner's conviction became final on Wednesday, July 25, 2017, when his time to file a petition for review of Arizona Court of Appeal's decision ended. (*Id.* at 4). Therefore, to be considered timely under AEDPA's one-year statute of limitations, Petitioner should have filed a petition on or before July 25, 2018. (*Id.* at 8). The R&R, applying the mailbox rule to the Petition, concluded that the Petition's filing date of January 24, 2019 was 183 days delinquent. (*Id.*)

Ultimately, the R&R found that Petitioner had not put forth any grounds to equitably toll the statute of limitations. (*Id.* at 7). The R&R also declined to toll the statute of limitations based on the grounds of actual innocence because Petitioner had made "no claim of actual innocence based on new credible evidence, and the record reveals none." (*Id.* at 8).

**II.     Legal Standard**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.");

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

Objections are to the R&R, and they are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). It is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

### III. Petitioner's Objections

The Court infers two objections to the R&R. First, Petitioner claims to have been incapable of filing in a timely manner because he was not appointed counsel, lacks legal knowledge, is of an advanced age, and suffers from post-traumatic stress disorder. (Doc. 23 at 1). From this, the Court construes this as an argument in favor of equitably tolling the statue of limitations. Second, Petitioner objects to the R&R on the grounds that he was actually innocent. He claims his trial counsel was ineffective, that the prosecutor at his trial engaged in misconduct, and that evidence and testimony from the trial actually demonstrates his evidence, among other critiques of the trial court proceedings. (*Id.* at 6).

### IV. Analysis

The Court will first address equitable tolling and proceed to the arguments for actual innocence.

The Petitioner bears the burden of providing proof that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The R&R found Petitioner had not proffered any grounds for equitable tolling. (Doc. 22 at 7). To the extent that Petitioner argues the statute of limitations should be tolled because he lacks a lawyer or legal sophistication, this is not enough to warrant equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is

not, by itself, an extraordinary circumstance warranting equitable tolling."). In addition, Petitioner has failed to provide the Court with any evidence beyond self-serving statements that his age or post-traumatic stress disorder inhibited him from diligently filing his claim. Petitioner still has not met his burden to demonstrate that the statute of limitations should be equitably tolled. *See Pace*, 544 U.S. at 418.

As to the question of actual innocence, to toll the statute of limitations Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The R&R found Petitioner had made "no claim of actual innocence based on new credible evidence and the record reveals none." (Doc. 22 at 8). Petitioner's Objection, likewise, cites no new credible evidence that shows no reasonable juror would have convicted him. Although a portion of the Objection is captioned "New Evidence," all it contains is speculation about evidence that might exist, such as interview tapes and DNA evidence contained in saliva. (Doc. 23 at 4–5). There is no identification of new evidence, and no reasonable juror would change their view in light of Petitioner's Objection.

**V.  Conclusion**

Based on the foregoing,

**IT IS HEREBY ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 22) is **accepted** and **adopted**. Petitioner's Objections (Doc. 23) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the RULES Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

…

…

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 1st day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge

- 5 -