**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Meril Griffet,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-00700-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion for Reconsideration (Doc. 32). The Motion seeks reconsideration of the Court's prior Order (Doc. 30) that accepted and adopted the Report and Recommendation ("R&R") of Magistrate Judge Metcalf. Also before the Court is Petitioner's Motion for Clarification (Doc. 33). The Motion for Clarification asks whether the Court's prior Order (Doc. 30) is being reconsidered. (Doc. 33 at 1). For the following reasons, the Court declines to reconsider its prior Order.

**I.  Background**

Judge Metcalf's R&R concluded that Petitioner's Petition for Writ of Habeas Corpus ("Petition") was not timely filed and so barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. (Doc. 22 at 8). Petitioner filed an Objection and argued the statute of limitations should be equitably tolled because he lacked legal sophistication and was actually innocent. (Doc. 23 at 1, 6). The Court overruled Petitioner's objections, holding that a lack of legal sophistication does not warrant equitable tolling and that Petitioner failed to identify new evidence that would

cause reasonable jurors to change their view. (Doc. 30 at 4).

## II. Motion for Reconsideration Standard

"Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g).

## III. Discussion

Petitioner's Request for Reconsideration makes two arguments. First, Petitioner argues the merits of his petition should be considered regardless of whether his Petition was timely filed. Second, Petitioner argues, again, that he is actually innocent. (Doc. 32 at 1). The Court rejects both arguments. First, AEDPA's statute of limitations is mandatory unless the matter warrants equitable tolling. 28 U.S.C. § 244(d)(1). The Court may not consider the merits of Petitioner's case because of the statute of limitations. Second, actual innocence may toll the statute of limitations if a petitioner shows "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner's argument that he has brought forth new evidence is identical to what was previously argued in his original Objection. (*Compare* Doc. 23 *with* Doc. 32). Because Petitioner repeats arguments made previously, the Court declines to reconsider its Order. *See* LRCiv 7.2(g). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. 32) is **denied**. Petitioner's Motion for Clarification (Doc. 33) is **granted**.

Dated this 4th day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge